UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNADETTE SKORUPSKA,<br><br>       Plaintiff,<br><br>      -v.-<br><br>525 WEST 52 PROPERTY OWNER LLC, CITY OF NEW YORK, DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT, PHIPPS HOUSING DEVELOPMENT CORPORATION, and TACONIC MANAGMENT LLC,<br><br>       Defendants. | 20 Civ. 2831 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Rehabilitation Act, the Fair Housing Act, the Rehabilitation Act, and the New York State and New York City Human Rights Laws, alleging housing discrimination. By Order dated May 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Dkt. #1).

## DISCUSSION

### A. New York City Department of Housing Preservation and Development (HPD)

  Plaintiff's claims against the HPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City*

*of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the HDP with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to

request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants 525 West 52 Property Owner LLC, Phipps Housing Development Corporation, Taconic Management Company, and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.  The Court dismisses Plaintiff's claims against HPD.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.  The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for 525 West 52 Property Owner LLC, Phipps Housing Development

Corporation, Taconic Management Company, and the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated: May 7, 2020
       New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  525 West 52 Property Owner LLC
    525 West 52nd Street, Ground Floor Office
    New York, NY 10019

2.  Phipps Housing Development Corporation
    c/o Hancock Apt. – Community Room
    350 West 124th Street
    New York, NY 10027

3.  Taconic Management Company
    525 West 52nd Street, Ground Floor Office
    New York, NY 10019

4.  City of New York
    New York City Law Department
    100 Church Street
    New York, NY 10007