UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
BERNADETTE SKORUPSKA,

                        Plaintiff,              20-cv-2831 (KPF)


        -against-


525 WEST 52 PROPERTY OWNER LLC,
CITY NEW YORK, HOUSING PRESERVATION
& DEVELOPMENT, PHIPPS HOUSING
DEVELOPMENT CORPORATION and TACONIC
MANAGEMENT LLC,

                        Defendants.
-------------------------------------x



**THE TACONIC DEFENDANTS MEMORANDUM OF LAW**

**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**




                        JAMES ROBERT PIGOTT, JR.
                        Phipps Houses
                        902 Broadway, 13th Floor
                        New York, New York 10010
                        (646) 388-8283

                                and

                        LAW OFFICE OF
                        KENNETH G. ROBERTS, P.C.
                        Two Park Avenue, 23rd Floor
                        New York, New York 10016
                        (212) 616-3657

                        Attorneys for Defendants
                        525 West 52 Property Owner LLC
                        and Taconic Management LLC

TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . .    ii

Preliminary Statement . . . . . . . . . . . . . .    1

Statement of Facts . . . . . . . . . . . . . . .    3

ARGUMENT . . . . . . . . . . . . . . . . . . .    8
.

I.    UNDER THE WELL-SETTLED STANDARDS FOR SUMMARY
      JUDGMENT, THIS ACTION SHOULD BE DISMISSED . . . .    8

II.   THE TACONIC DEFENDANTS ARE ENTITLED TO
      SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS
      BASED ON HER RECEIPT OF AN OFFER OF A
      ONE-BEDROOM, RATHER THAN A TWO-BEDROOM,
      DISABILITY SET-ASIDE APARTMENT . . . . . . . .    10

III.  PLAINTIIF IS UNABLE TO MAKE A *PRIMA FACIE* CASE
      ON HER REASONABLE ACCOMMODATION CLAIM . . . . . .    10

IV.   PLAINTIFF'S ADA ACCESSIBILITY CLAIMS SHOULD

      BE DISMISSED AS A MATTER OF LAW BECAUSE
      THE BUILDING IS NOT A PUBLIC ACCOMMODATION . . .    14

Conclusion . . . . . . . . . . . . . . . . . . . .    18

TABLE OF AUTHORITIES

Page

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 . . . . . . . . . . . . . . . . . . . .    9
Beyer v. County of Nassau,
    524 F.3d 160 (2d Cir. 2008) . . . . . . . . . . .    8
Bobrowsky v. Curran,
    333 F. Supp. 2d 159 (S.D.N.Y. 2004) . . . . . . .    17
In re Dana Corp.,
    574 F.3d 129 (2d Cir. 2009) . . . . . . . . . . .    8
F.D.I C. v. Great American Ins. Co.,
    607 F.3d 288 (2d Cir. 2010) . . . . . . . . . . .    8, 9
Guilbert v. Gardner,
    480 F.3d 140 (2d Cir. 2007) . . . . . . . . . . .    9
Havey v. Homebound Mortg., Inc.,
    547 F.3d 158 (2d Cir. 2008) . . . . . . . . . . .    9
Kitchen v. Phipps Houses Grp. of Cos.,
    2009 U.S. Dist. LEXIS 12559(S.D.N.Y. Feb. 5, 2009)    17
McMillan v. City of New York,
    711 F.3d 120 (2d Cir. 2013) . . . . . . . . . . .    11
Noll v. Int'l Bus. Machs. Corp.,
    787 F.3d 89 (2d Cir. 2015) . . . . . . . . . . . .    11
Parham v. CIH Props., Inc.,
    2015 U.S. Dist. LEXIS 119816
    (D.D.C. Sept. 8, 2015) . . . . . . . . . . . . . .    17
Passanante v. R.Y. Mgmt. Co.,
    2001 U. S. Dist. LEXIS 1205
    (S.D.N.Y. Feb. 13, 2001) . . . . . . . . . . . . .    12
Rappo v. 94-11 59th Ave. Corp.,
    2011 U.S. Dist. LEXIS 133867
    (E.D.N.Y. Nov. 21, 2011) . . . . . . . . . . . . .    16
Reid v. Zackenbaum,
    2005 U.S. Dist. LEXIS 17177
    (E.D.N.Y. Aug. 17, 2005), affirmed,
    380 F. App'x 99 (2d Cir. 2010) . . . . . . . . . .    17
Spavone v. Transitional Servs. of
N.Y. Supportive Hous. Program,
    2016 U.S. Dist. LEXIS 63005
    (E.D.N.Y. May 12, 2016) . . . . . . . . . . . . .    17
Thompson v CRF-Cluster Model Program, LLC,
    2020 US Dist. LEXIS 147003
    (S.D.N.Y. Aug. 14, 2020) . . . . . . . . . . . . .    17
Wells v. Achievement Network,
2021 U.S. Dist. LEXIS 39828 (S.D.N.Y. Mar. 2, 2021) . .    11
Western World Ins. Co; v. Stack Oil, Inc.,

922 F.2d 118 (2d Cir. 1990) . . . . . . . . . . .    9

Wilson v Wilder Balter Partners, Inc.,
   2015 US Dist. LEXIS 19178
   (S.D.N.Y. Feb. 17, 2015) . . . . . . . . . . . .    11

Defendants 525 West 52 Property Owner LLC and Taconic Management Company LLC (collectively, the "Taconic Defendants") respectfully submit this memorandum of law in support of their motion for summary judgment dismissing the action as against the Taconic Defendants.

<u>Preliminary Statement</u>

This action primarily concerns Plaintiff's discrimination claims based the processing of her apartment application as a participant in a New York City affordable housing lottery. Plaintiff alleges that, as a result of disability and source of income discrimination, she was offered a lease for a one-bedroom, rather than a two-bedroom, disability set-aside apartment at 525 West 52nd Street, New York, N.Y.  Those claims are addressed in the concurrent motion of co-defendant Phipps Houses Services, Inc. ("PHSI"), which establishes that they should be dismissed against all defendants.

The Taconic Defendants' summary judgment motion concerns plaintiff's two other claims arising out of her tenancy at 525 West 52nd Street: (i) her claim that she was denied a reasonable accommodation by the Taconic Defendants, despite the fact that, when she requested to be transferred from the affordable one-bedroom apartment she had inspected and accepted months earlier

to one of the affordable two-bedroom apartments because of her son's disability, the Taconic Defendants placed her first on the waiting list for the next available affordable two-bedroom apartment and (ii) her claim that the public spaces in the building fail to comply with the requirements of the Americans with Disabilities Act (the "ADA").

Plaintiff's reasonable accommodation and accessibility claims are readily disposed of.  Quite simply, Plaintiff cannot make out a *prima facie* case on the reasonable accommodation claim because she cannot establish the most fundamental element of her claim: that her reasonable accommodation request was denied.  As the undisputed facts establish, the Taconic Defendants granted Plaintiff's request, placing her at the top of the waiting list for the next available affordable two-bedroom apartment; however, during Plaintiff's tenancy in the building, no such apartment ever became available.

Plaintiff's ADA accessibility claim is likewise easily disposed of: 525 West 52nd Street is not a "public accommodation" within the meaning, and subject to the requirements, of the ADA.

Accordingly, based on PHSI's concurrent summary judgment motion and the undisputed facts put before the Court by the Taconic Defendants' summary judgment motion, for the reasons stated in this memorandum of law, the Court should grant the Taconic Defendants' motion and dismiss this action against them.

Statement of Facts

General Background

From on or about November 4, 2017 to on or about December 31, 2020, Plaintiff was a tenant in the building located at 525 West 52nd Street, New York, N.Y. (the "Building").  Amended Complaint ¶22; Declaration of Andrew Schwartz, dated October 5, 2021 (the "Schwartz Decl.") ¶¶12 & 15. The Building is a residential apartment building with ground floor commercial and retail space, which was divided into five condominium units: an affordable residential unit containing 79 affordable rental apartments, a market-rate residential unit containing 313 market-rate rental apartments, a retail unit and two commercial units.  Schwartz Decl. ¶2.

The two condominium units containing the Building's residential units (the "Residential Units") are owned by Defendant 525 West 52 Property Owner LLC and its affiliate, 525 West 52 LI Property Owner LLC (collectively the "Residential Unit Owners").  Specifically, 525 West 52 Property Owner LLC owns the condominium unit containing the 313 market-rate apartments, and 525 West 52 LI Property Owner LLC owns the condominium unit containing the 79 affordable apartments. Schwartz Decl. ¶3.

The Residential Units are privately-owned and are not open to the public.  Access is restricted to the residential tenants, their invitees and staff hired by the Building's managing agent. Unlike the ground floor retail shops, the Residential Units are not used by the public at large and do not accommodate the general public.  Schwartz Decl. ¶4.

Taconic Management Company LLC ("Taconic Management") is the managing agent for the Building.  Among its property management responsibilities are marketing and leasing the market-rate apartments in the Building.  Due to the complexity of New York City's rules and regulations governing affordable housing, Taconic Management did not engage in the marketing and leasing of the affordable units in the Building. Rather, it hired PHSI to market and lease those units.  Schwartz Decl. ¶5.

PHSI is the property management arm of Phipps Houses, New York City's oldest and largest developer of affordable housing. It has substantial experience with the affordable housing lottery system, processing affordable housing applications, leasing affordable apartments and compliance with New York City's rules and regulations governing the affordable housing process.  Schwartz Decl. ¶6.  Because of PHSI's expertise, Taconic Management hired it to manage the marketing and leasing of the 79 affordable units in the Building in accordance with

applicable New York City rules and regulations.  Schwartz Decl.
¶7.  PHSI handled the processing of affordable housing
applications and the leasing of the affordable apartments to
participants of the lottery who qualify under the applicable New
York City rules and regulations.  Id.

The Lease-Up of the Building

PHSI began leasing the Building's 79 affordable units in
August 2017.  PHSI processed the applications and determined
which lottery applicants, including Plaintiff, qualified for the
Building's 21 two-bedroom affordable apartments, 39 one-bedroom
affordable apartments and 19 affordable studios. If, after any
required review by the City of New York, an applicant accepted
the apartment offered by PHSI, PHSI provided a lease for the
applicant to sign.  Schwartz Decl. ¶8.  Only after an applicant
had been processed by PHSI, inspected the apartment and signed
the lease, did the  Taconic Defendants get involved with a
tenant's initial leasing of an affordable apartment, and then
only to coordinate the move-in.  The Taconic Defendants had no
involvement in the lottery, the selection process, the
application process or the leasing process.  Schwartz Decl. ¶9.

Plaintiff was one of the original tenants of the Building's
79 affordable units.  PHSI offered Plaintiff Apartment 4B-N in
the Building, a one-bedroom affordable apartment.   Plaintiff

signed a lease for Apartment 4B-N, which PHSI provided to
Taconic Management. Schwartz Decl. ¶11 & Exh. 1.

Plaintiff's Request to be Transferred to an
Affordable Two-Bedroom Unit as a Reasonable Accommodation

In June 2018, a little over seven months after she had
moved into Apartment 4B-N, Plaintiff asked Agim Duraku, the
Building's property manager (Schwartz Decl. ¶10), to transfer
her and her son to one of the Building's affordable two-bedroom
apartments as a reasonable accommodation based on her son's
medical condition.  Plaintiff made her request by e-mail dated
June 24, 2018, basing her request on provisions in the NYC
Housing Connect Marketing Handbook applicable to the affordable
apartments in the Building, from which she quoted in her e-mail.
Schwartz Decl. ¶12 & Exh. 2.

By e-mail dated June 25, 2018, Mr. Duraku replied, stating:

I see that you're already on the waiting list for the next
available 2BR [two-bedroom] unit.  You're also the first
and only at the moment.  You will be notified as soon as a
2BR unit has become available.

Schwartz Decl. ¶13 & Exh. 3.  By e-mail dated June 26, 2018,
Plaintiff thanked Mr. Duraku for confirming that she was first
on the waiting list, noting that she "really appreciate[d] it."
Schwartz Decl. ¶14 & Exh. 4.

From June 24, 2018, when Plaintiff made her apartment transfer request, to December 31, 2020, when Plaintiff voluntarily moved out of the Building (and to date), no affordable two-bedroom apartments have become available in the Building. Schwartz Decl. ¶15.  As established by the rent roll put before the Court on this motion (Schwartz Decl. Exh. 5), all 21 affordable two-bedroom apartments have been continuously occupied by their original tenants since before Plaintiff made her transfer request through the date she moved out of the Building (and to date).  Schwartz Decl. ¶16.

During the entire time of Plaintiff's tenancy in the Building, the Taconic Defendants remained ready and willing to transfer her to the first available affordable two-bedroom unit in the Building.  The Taconic Defendants' offer to transfer her to the first available affordable two-bedroom apartment was never withdrawn, modified or conditioned.  Schwartz Decl. ¶17; Transcript of Deposition of Bernadette Skorupska ("Skorupska Tr.") at 289-91.

Procedural Background

Plaintiff commenced this action on April 2, 2020 and filed an Amended Complaint [Doc. 48] on January 13, 2021, a copy of which is annexed as Exhibit 1 to the Declaration of James Robert Pigott, Jr. (the "Pigott Decl.").  The Taconic Defendants filed

7

their Answer to the Amended Complaint [Doc 56] on February 11 2021 (Pigott Decl. Exh. 2).  In pretrial discovery, Defendants took Plaintiff's deposition on July 23, 2021 and August 3, 2021. A copy of the transcript of Plaintiff's deposition (the "Skorupska Tr.") is annexed as Exhibit 3 to the Pigott Declaration.

<u>ARGUMENT</u>

I.

### UNDER THE WELL-SETTLED STANDARDS FOR SUMMARY JUDGMENT, THIS ACTION SHOULD BE DISMISSED

Summary judgment is appropriate where, as here, "there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." <u>In re Dana Corp</u>., 574 F.3d 129, 151 (2d Cir. 2009).  The burden is on the moving party to make this showing.  <u>F D.I C. v. Great American Ins. Co</u>., 607 F.3d 288, 292 (2d Cir. 2010).  "Where the moving party meets that burden, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  <u>Id</u>.  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." <u>Beyer</u>

v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting
Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)).

The non-moving party must rebut this showing with specific
facts supported by evidence. F.D.I.C. v. Great American Ins.
Co., 607 F.3d at 292. To meet this burden, the non-moving party
must produce more than a mere "scintilla of evidence" in its
favor. Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d
Cir. 2008), citing Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 252 (1986). "When the movant demonstrates through competent
evidence that no material facts are genuinely in dispute, the
non-movant "must set forth specific facts showing that there is
a genuine issue for trial." Western World Ins. Co. v. Stack
Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990). "The non-movant
cannot 'escape summary judgment merely by vaguely asserting the
existence of some unspecified disputed material
facts,' [citation omitted], or defeat the motion through 'mere
speculation or conjecture.' [citation omitted]". Id. "Finally,
the existence of disputed facts that are immaterial to the
issues at hand is no impediment to summary judgment." Id.

As demonstrated below, the undisputed facts put before the
Court by the Taconic Defendants on this motion satisfy the well-
settled standard for awarding summary judgment to Taconic
Defendants.

9

II.

THE TACONIC DEFENDANTS ARE ENTITLED TO SUMMARY
JUDGMENT DISMISSING PLAINTIFF'S CLAIMS BASED
ON HER RECEIPT OF AN OFFER OF A ONE-BEDROOM,
RATHER THAN A TWO-BEDROOM, DISABILITY SET-ASIDE APARTMENT

The processing of Plaintiff's apartment application, including the determination of which apartment she would be offered, was handled by PHSI.  Schwartz Decl.¶¶18-19.   The Taconic Defendants played no role in the events that form the basis of Plaintiff's claims that she should have been offered a two-bedroom apartment, rather than a one-bedroom apartment. Schwartz Decl.¶19; Skorupska Tr. at 299 & 302-03.

As demonstrated in defendant PHSI's concurrent motion for summary judgment, on the undisputed facts, Plaintiff's claims based on her receipt of an offer of a one-bedroom, rather than a two-bedroom apartment, should be dismissed on summary judgment.

III.

PLAINTIFF IS UNABLE TO MAKE A *PRIMA FACIE* CASE
ON HER REASONABLE ACCOMMODATION CLAIM

Plaintiff cannot establish a prima facie case on her reasonable accommodation claim because her apartment transfer request was not denied.

Plaintiff has asserted a reasonable accommodations claim under the federal Americans with Disabilities Act (the "ADA")

the New York State Human Rights Law (the "NYSDHRL") and the New
York City Human Rights Law (the "NYCHRL").  <u>See</u> Amended Complaint
¶47.c.  In the housing context, "[t]o make out a claim of
discrimination based on a failure to accommodate, a plaintiff
must allege that: (1) [s]he suffers from a handicap as defined
by the FHA[] [or a disability as defined by the ADA and the
Rehabilitation Act]; (2) the defendant knew or reasonably should
have known of the plaintiff's handicap [or disability]; (3)
accommodation of the handicap [or disability] may be necessary
to afford plaintiff an equal opportunity to use and enjoy the
dwelling; and (4) [the] defendant[] refused to make such
accommodation."  <u>Wilson v Wilder Balter Partners, Inc</u>., 2015 US
Dist. LEXIS 19178, at *20 (S.D.N.Y. Feb. 17, 2015).

As this Court has held in the context of employment, the
<i>prima facie</i> case of discrimination for failure to provide a
reasonable accommodation is the same under the ADA, the NYSDRL
and the NYCHRL, each requiring that the defendant "has refused
to make [the] accommodatio[n]."  <u>Wells v. Achievement Network</u>,
2021 U.S. Dist. LEXIS 39828, at *40-41 (S.D.N.Y. Mar. 2, 2021)
<u>citing</u> <u>McMillan v. City of New York</u>, 711 F.3d 120, 125-26 (2d
Cir. 2013); <u>see</u> <u>also</u> <u>Noll v. Int'l Bus. Machs. Corp</u>., 787 F.3d
89, 94 (2d Cir. 2015) and <u>Wilson</u>, 2015 US Dist. LEXIS 19178, at
*24 ("[C]ommon to all housing discrimination claims under the
FHA, NYHRL, ADA, and the Rehabilitation Act is the requirement

11

that . . . 'plaintiff[s] show that [they were] qualified for an available benefit and w[ere] denied that benefit").

At least one other S.D.N.Y. case has dismissed on summary judgment a housing disability discrimination claim involving a waiting list for a larger apartment.  In Passanante v. R.Y. Mgmt. Co., 2001 U. S. Dist. LEXIS 1205 (S.D.N.Y. Feb. 13, 2001), the *pro se* plaintiff had applied for the subsidized housing within a market rate building through New York City's housing lottery (as did Plaintiff in this action) and was placed on a waiting list for a one-bedroom apartment.  After finding that the plaintiff was not eligible for the apartment he sought, Judge Cote held:

> Nor has plaintiff established a prima facie case against the 39th Street defendants under the Fair Housing Act, the Rehabilitation Act, or the ADA because he has not been denied a benefit.  Since plaintiff submitted his application for an apartment at Paramount Tower with the 39th Street defendants, only two apartments have become available, and neither has been a one-bedroom apartment for an applicant at [the plaintifff's] income level.

Passanante, 2001 US Dist. LEXIS 1205, at *18.

In this case, Plaintiff requested that she and her son be transferred to the next available affordable two-bedroom apartment in the Building.  The Taconic defendants granted Plaintiff's request to be transferred to the next available affordable two-bedroom apartment on June 25, 2018.  See Schwartz

Decl. Exh. 3.  Indeed, at the time, Plaintiff expressed to the Taconic Defendants her appreciation for their response to her transfer request.  Schwartz Decl. Exh. 4.

From the time Plaintiff made her apartment transfer request in June 2018 through her voluntary move from the Building in or about late December 2020, the Taconic Defendants remained ready and willing to transfer her to the first available affordable two-bedroom unit in the Building.  Plaintiff acknowledged at her deposition that the Taconic Defendants' offer to transfer her to the first available affordable two-bedroom apartment was never withdrawn, modified or conditioned.  Skorupska Tr. at 289-91.

It is undisputed that during the June 2018 to December 2020 period, no affordable two-bedroom apartment ever became available in the Building.  The rent roll put before the Court by the Taconic Defendants on this motion (Schwartz Decl. Exh. 5) conclusively establishes that, in fact, all 21 affordable two-bedroom apartments have been continuously occupied by their original tenants since before Plaintiff made her transfer request on June 24, 2018 through the date she moved out of the Building.  See also Schwartz Decl. ¶16 & Schwartz Decl. Exh. 5.[1]

---

[1]As shown by the Rent Roll [Schwartz Decl. Exh. 5], the latest move-in date for the 21 affordable two-bedroom apartments was May 15, 2018, in the month before Plaintiff made her transfer request.

During the entire time of Plaintiff's tenancy in the Building, the Taconic Defendants remained ready and willing to transfer her to the first available affordable two-bedroom unit in the Building.  The Taconic Defendants' offer to transfer her to the first available affordable two-bedroom apartment was never withdrawn, modified or conditioned.  Schwartz Decl. ¶17; Skorupska Tr. at 289-91.

Because the undisputed facts establish that Plaintiff cannot meet the most basic element of the *prima facie* case for her reasonable accommodation claim—the denial of the accommodation request by the Taconic Defendants—that claim should be dismissed on summary judgment.

IV.

PLAINTIFF'S ADA ACCESSIBILITY CLAIMS
SHOULD BE DISMISSED AS A MATTER OF LAW
<u>BECAUSE THE BUILDING IS NOT A PUBLIC ACCOMMODATION</u>

In Paragraphs 45-47 of her Amended Complaint, Plaintiff alleges that (i) PHSI "has an obligation to comply with the accessibility requirements of the Americans with Disabilities Act, including providing compliant accessibility at the building's public entrances and common areas," (ii) PHSI "has consistently failed to comply with the accessibility requirements of the ADA during [her] tenancy at the building and (iii) "[t]he "lack of compliant accessibility at 525 West 52 Street creates a significant burden of access for tenants and

14

visitors who are  mobility disabled, including [her] son

Nathan." Inasmuch as the design of the Building falls outside

the responsibilities for which PHSI was retained, the Taconic

Defendants, rather than PHSI, shall address these claims.

The Building is a residential apartment building with

ground floor commercial and retail spaces. Schwartz Decl. ¶2.

In 2016, the Building was established as a condominium comprised

of five condominium units: the two Residential Units (i.e., an

affordable residential unit containing 79 affordable rental

apartments and a market-rate residential unit containing 313

market-rate rental apartments, one retail unit and two

commercial units. Id. The Residential Units are privately-

owned and are not open to the public. Schwartz Decl. ¶4.

Access is restricted to the residential tenants, their invitees,

and staff hired by the Building's managing agent. Unlike the

ground floor retail shops, the Residential Units are not used by

the public at large and do not accommodate the general public.

Id.

Section 302 of the ADA, 42 U.S.C. § 12182(7), prohibits

discrimination by "public accommodations," as follows:

> No individual shall be discriminated against
> on the basis of disability in the full and
> equal enjoyment of the goods, services,
> facilities, privileges, advantages, or
> accommodations of any place of public
> accommodation by any person who owns, leases

(or leases to), or operates a place of
public accommodation.

Section 301 of the ADA, 42 U.S.C. § 12181, in subsections (A) through (L), identifies 12 types of private entities that are considered a "public accommodation" under the ADA.[2]  The Building, as a private residential apartment building, plainly does not fall into any of the 12 categories set forth in the definition of "public accommodation" in § 301(A)-(L).  See Rappo v. 94-11 59th Ave. Corp., 2011 U.S. Dist. LEXIS 133867 at *6

---

[2] Section 301 of the ADA, 42 U.S.C. § 12181, provides:

The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce:

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
(B) a restaurant, bar, or other establishment serving food or drink;
(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition entertainment;
(D) an auditorium, convention center, lecture hall, or other place of public gathering;
(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
(G) a terminal, depot, or other station used for specified public transportation;
(H) a museum, library, gallery, or other place of public display or collection;
(I) a park, zoo, amusement park, or other place of recreation;
(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

(E.D.N.Y. Nov. 21, 2011) (The ADA "does not apply to private residential complexes, even if the premises are used for publicly subsidized housing"); Reid v. Zackenbaum, 2005 U.S. Dist. LEXIS 17177 at *12 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA"); Bobrowsky v. Curran, 333 F. Supp. 2d 159, 163-164 (S.D.N.Y. 2004) (same).

As explained by this Court, in Thompson v CRF-Cluster Model Program, LLC, 2020 US Dist. LEXIS 147003, at *22-23, n.10 (S.D.N.Y. Aug. 14, 2020), "[i]t is well established that a 'residential facility, such as an apartment, is not a public accommodation under the ADA,'" quoting Kitchen v. Phipps Houses Grp. of Cos., 2009 U.S. Dist. LEXIS 12559(S.D.N.Y. Feb. 5, 2009), quoting Reid v. Zackenbaum, 2005 U.S. Dist. LEXIS 17177 (E.D.N.Y. Aug. 17, 2005)), aff'd, 380 F. App'x 99 (2d Cir. 2010) (summary order).

"A number of courts have observed that private apartment complexes do not qualify as 'public accommodations' for purposes of the ADA, even if they offer publicly subsidized housing." Parham v. CIH Props., Inc., 2015 U.S. Dist. LEXIS 119816, at *10 (D.D.C. Sept. 8, 2015); Spavone v. Transitional Servs. of N.Y. Supportive Hous. Program, 2016 U.S. Dist. LEXIS 63005, at *19-20 (E.D.N.Y. May 12, 2016).

Accordingly, the ADA claim should be dismissed as a matter of law because the Building is not a place of public accommodation.

## Conclusion

For the reasons set forth above and based on evidence put before the Court by the Taconic Defendants and in the concurrent summary judgment motion of PHSI, the Court should dismiss this action on summary judgment as against the Taconic Defendants.

Dated:    New York, New York
          November 15, 2021


JAMES ROBERT PIGOTT, JR.

Phipps Houses
902 Broadway, 13th Floor
New York, New York 10010
(646) 388-8283

              and

LAW OFFICE OF
KENNETH G. ROBERTS, P.C.
Two Park Avenue, 23rd Floor
New York, New York 10016
(212) 616-3657

Attorneys for Defendants
525 West 52 Property Owner LLC and
Taconic Management LLC