**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BERNADETTE SKORUPSKA,

                                        Plaintiff,

            -against-

525 WEST 52 PROPERTY OWNER LLC,
CITY OF NEW YORK, PHIPPS HOUSING
DEVELOPMENT CORPORATION, and
TACONIC MANAGEMENT LLC,

                                        Defendants.

Index No.: 20-cv-2831-KPF

**DEFENDANT PHIPPS HOUSES SERVICES, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

JACKSON LEWIS P.C.
*Attorneys for Defendant*
*Phipps Houses Services, Inc.*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

ATTORNEYS OF RECORD:
        *JOHN A. SNYDER, ESQ.*
        *BRIAN J. SHENKER, ESQ.*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................ii -v

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ....................................................................................... 1

ARGUMENT ............................................................................................................ 5

    A.    Summary Judgment Should Be Granted Since There Are No Material
           Facts In Dispute. ......................................................................................... 5

    B.    Plaintiff's FHA, NYSHRL, and NYCHRL Disability and Source of Income
           Discrimination Claims Must be Dismissed............................................... 7

           1.    Plaintiff Has Not Established a *Prima Facie* Case of Disability
                  Discrimination............................................................................... 8

           2.    Plaintiff Has Not Established a *Prima Facie* Case of Source
                  of Income Discrimination. ........................................................... 13

           3.    PHSI Has Established an Undisputed Legitimate, Nondiscriminatory
                  Rationale For Its Actions. ........................................................... 15

           4.    Plaintiff Cannot Establish Pretext............................................. 18

           5.    Plaintiff Has Not Established a Failure to Accommodate Claim. ............ 19

           6.    The Court Should Decline To Exercise Supplemental Jurisdiction
                  Over Plaintiff's NYSHRL and NYCHRL Claims.................................... 20

CONCLUSION........................................................................................................ 22

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alston v. Starrett City, Inc.*,
  161 A.D.3d 37 (1st Dep't 2018) ............................................................13

*Arlington Heights v. Metro. Hous. Dev. Corp.*,
  429 U.S. 252 (1977).................................................................................9

*Azrielli v. Cohen Law Offices*,
  21 F.3d 512 (2d Cir. 1994).....................................................................6

*Birch v. Pioneer Credit Recovery, Inc.*,
  No. 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8,
  2007) .......................................................................................................21

*Boykin v. KeyCorp.*,
  521 F.3d 202, 213 (2d Cir. 2008)............................................................7

*Brown v. Eli Lilly & Co.*,
  654 F.3d 347 (2d Cir. 2011).....................................................................6

*Burrus v. United Tel. Co. of Kan., Inc.*,
  683 F.2d 339 (10th Cir. 1982) ...............................................................12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................5

*Chiang v. Schafer*,
  2008 U.S. Dist. LEXIS 64654 (D.V.I. Aug. 20, 2008).........................17

*Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*,
  478 F. Supp. 3d 259 (D. Conn. 2020)....................................................18

*Cushing v. Moore*,
  970 F.2d 1103 (2d Cir. 1992)..................................................................20

*Echeverria v Krystie Manor, LP*
  2009 U.S. Dist. LEXIS 27353 (E.D.N.Y. March 30, 2009) ..................20

*Favourite v. 55 Halley St., Inc.*,
  381 F. Supp. 3d 266 (S.D.N.Y. 2019)......................................................8

*Fortune Soc'y v. Sandcastle Towers Hous. Dev. Fund Corp.*,
  388 F. Supp. 3d 145 (E.D.N.Y. 2019) ...........................................8, 9, 13

*Forziano v. Indep. Grp. Home Living Program*,
  613 F. App'x 15 (2d Cir. 2015) .........................................................................7

*Frazier v. Rominger*,
  27 F.3d 828 (2d Cir. 1994).............................................................................12

*Fuentes v. Perskie*,
  32 F.3d 759 (3d Cir. 1994).............................................................................17

*Goenaga v. March of Dimes Birth Defects Found.*,
  51 F.3d 14 (2d Cir. 1995)................................................................................6

*Guzman v. City of New York*,
  93 F. Supp. 3d 248 (S.D.N.Y. 2014).............................................................21

*Haber v. ASN 50th St. LLC*,
  847 F. Supp. 2d 578 (S.D.N.Y. 2012)............................................................8

*Hill v. Philip Morris USA*,
  2004 U.S. Dist. LEXIS 8402 (S.D.N.Y. May 6, 2004)...........................14, 16

*Jordan v. Chase Manhattan Bank*,
  91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015) ....................................................21

*Knighton v. Delphi Auto Sys.*,
  2004 U.S. Dist. LEXIS 27893 (W.D.N.Y. Oct. 28, 2004)............................16

*Krumholz v. Vill. of Northport*,
  873 F. Supp. 2d 481 (E.D.N.Y. 2012) ..........................................................21

*L.C. v. LeFrak Org., Inc.*,
  987 F. Supp. 2d 391 (S.D.N.Y. 2013)......................................................7, 15

*Leaphart v. Pres. Hous. Mgmt.*,
  2014 U.S. Dist. LEXIS 86232 (E.D. Mich. June 25, 2014)...........................12

*Lee v. ITT Standard*,
  268 F. Supp. 2d 315, 346 (W.D.N.Y. 2002) .................................................18

*McElwee v. Cnty. of Orange*,
  700 F.3d 635 (2d Cir. 2012).............................................................................7

*McLearn v. Cowen & Co.*,
  660 F. 2d 845 (2d Cir. 1981)..........................................................................21

*Mhany Mgmt. v Cnty of Nassau*
  *819 F.3d 581* ............................................................................................9,13

*Mitchell v. Shane*,
  350 F.3d 39 (2d Cir. 2003)..................................................................7, 8

*Mohamed v. McLaurin*,
  390 F. Supp. 3d 520 (D. Vt. 2019)...................................................12, 18

*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n.*,
  182 F.3d 157, 160 (2d Cir. 1999).............................................................6

*Passanante v. R.Y. Mgmt. Co.*,
  2001 U.S. Dist. LEXIS 1205 (S.D.N.Y. Feb. 9, 2001)..........................6, 7

*Portis v. River House Assocs., L.P.*,
  2008 U.S. Dist. LEXIS 76817 ...........................................................16, 17

*Reynolds v. Quarter Circle Ranch, Inc.*,
  280 F. Supp. 2d 1235 (D. Colo. 2003) ....................................................17

*Robinson v. Concentra Health Servs.*,
  781 F.3d 42 (2d Cir. 2015).......................................................................6

*Sassower v. Field*,
  973 F.2d 75 (2d Cir. 1992).....................................................................12

*Tapia v. Successful Mgt. Corp.*,
  79 A.D.3d 422 (1st Dep't 2010) .............................................................13

*Tsombanidis v. W. Haven Fire Dep't*,
  352 F.3d 565 (2d Cir. 2003)....................................................................20

*Tufano v. One Toms Point Lane Corp.*,
  64 F. Supp. 2d 119 (E.D.N.Y. 1999) ......................................................12

*Walker v. Time Life Films, Inc.*,
  784 F.2d 44, 53 (2d Cir. 1986)................................................................21

*Williams v. NYCHA*,
  879 F. Supp. 2d 328 (E.D.N.Y. 2012) .......................................................8

*Zlotnick v. Crystal Run Vill., Inc.*,
  2021 U.S. Dist. LEXIS 207432 (S.D.N.Y. Oct. 27, 2021) .................7, 20

**Statutes**

29 U.S.C. § 794(a) .......................................................................................7

42 U.S.C. § 3604(f)......................................................................................7

42 U.S.C. § 3604(f)(1) .................................................................................................7

42 U.S.C. § 3604(f)(3)(B) ..........................................................................................20

42 U.S.C. § 12132 ........................................................................................................7

ADA ......................................................................................................................7, 20

Code § 8-107(5)(a)(1), (2) .........................................................................................13

Equal Credit Opportunity Act ....................................................................................17

Fair Housing Act ................................................................................................ *passim*

Lawful Source of Income Non-Discrimination Act of 2019 ......................................13

New York City Human Rights Law...............................................................................1

NYCHRL ............................................................................................................ *passim*

NYSHRL.............................................................................................................. *passim*

Rehabilitation Act Section 504 .......................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56.................................................................................................1, 5, 6

Fed. R. Civ. P. 12......................................................................................................21

## PRELIMINARY STATEMENT

Defendant, Phipps Houses Services, Inc. ("PHSI," incorrectly named in the Amended Complaint as "Phipps Housing Development Corporation"), by and through its attorneys, Jackson Lewis P.C., submits this Memorandum of Law in Support of its Motion for Summary Judgment.

There are no material issues of fact in dispute. Plaintiff Bernadette Skorupska ("Plaintiff") claims that she was subjected to disability discrimination in violation of the Fair Housing Act ("FHA"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") as well as source of income discrimination under the NYSHRL and the NYCHRL. Plaintiff also asserts disability discrimination claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act"). However, Plaintiff's claims fail since she is unable to establish that PHSI acted with any discriminatory animus. In fact, it is undisputed that the apartment Plaintiff claims she should have been offered through the affordable housing lottery was offered and rented to another applicant who, like Plaintiff, had a disabled household member and a rent subsidy voucher. Under such circumstances, it is inconceivable that PHSI acted with discriminatory intent against Plaintiff. Further, PHSI offered, and Plaintiff accepted, one of six disability set-aside units in the building.

Summary judgment should be granted. The undisputed facts show that Plaintiff was not subjected to discrimination on the basis of disability or source of income.

## STATEMENT OF FACTS[1]

Defendant 525 West 52 Property Owner LLC ("525 West 52") and its affiliate, 525 West 52 LI Property Owner LLC, own the residential housing units located at 525 West 52nd Street in

---

[1] For a full statement of the facts, PHSI respectfully refers the Court to PHSI's Rule 56.1 Statement of Undisputed Material Facts upon which this motion for summary judgment is based.

Manhattan (the "Building"), with financing provided by New York City's Department of Housing Preservation and Development ("HPD") Inclusionary Housing Program and New York State Housing Finance Agency's Low Income Housing Tax Credit Program. Anaka Earle Declaration ("Earle Decl.") ¶ 7; John Snyder Esq. Declaration ("Snyder Decl.") Ex. "F" at T00427 & Ex. "G" at T00171. Defendant Taconic Management LLC manages the Building. Morgan Dep. at 31:13-16; Pl. Dep. at 211:4-10. Pursuant to a regulatory agreement between Defendant 525 West 52 and its affiliate, 525 West 52 LI Property Owner, LLC, on the one hand, and Defendant City of New York (the "City") on the other hand, 525 West 52 set aside 79 of the Building's units as affordable housing rental apartments. Snyder Decl. Ex. "F" at T00427-00429, T00453, T00461 & Ex. "G" at T00171; Earle Decl. ¶ 8.

In March 2016, pursuant to a "Contract for Consulting Services" (the "Agreement"), 525 West 52 hired PHSI to perform the marketing and lease-up of the 79 affordable units. Earle Decl. ¶ 9; Snyder Decl. Ex. "H" at T00350; Pl. Dep. at 211:17-25. The Agreement commenced on March 28, 2016 and terminated upon the completion of the lease-up of the affordable units. Snyder Decl. Ex. "H" at T00350; Earl Decl. ¶ 9; Pl. Dep. at 211:17-25.

The Building's marketing program was overseen by former PHSI employee, Alice Wong, and was monitored by HPD. Snyder Decl. Ex. "H" at T00359 & Ex. "G" at T00166; Wong Decl. ¶ 5. PHSI conducted the affordable housing lottery with HPD's supervision. Snyder Decl. Ex. "H" at T00360; Morgan Dep. at 20:11-15; Silvera Dep. at 21:11-24. The Building received 75,321 applications for the 79 affordable units. Earle Decl. ¶ 12. Through the lottery process, all submitted apartment applications were randomly mixed and assigned a number. Snyder Decl. Ex. "H" at T00360; Morgan Dep. at 19-20:23-23. HPD generated an Excel master log of all the apartment applicants and sent the master log to PHSI. Snyder Decl. Ex. "H" at T00360; Morgan

2

Dep. at 20:16-23; 51-52:21-4.   The master log informs the order of processing apartment applications.  Snyder Decl. Ex. "I" at page 24.

Pursuant to a Regulatory Agreement with the City, of the Building's 79 affordable units, six units were set aside for applicants with household members with disabilities ("set-aside unit"). Snyder Decl. Ex. "F" at T00428 & Ex. "J."  Four of the units were set aside for households that include a person with a mobility disability (3 two-bedrooms and 1 one-bedroom), and two units were set aside for households that include a person with a hearing or vision disability (1 two-bedroom and 1 one-bedroom).  Pl. Dep. at 106:8-13; Earle Decl. ¶ 15; Snyder Decl. Ex. "J." Applicants, like Plaintiff, who indicated they had a household member with a mobility, vision, or hearing disability were required to submit verifications of their need for set-aside units.  Earle Decl. ¶ 16.  However, in determining which applicants to offer set-aside units, PHSI did not evaluate or inquire about the medical severity of disabilities.  Earle Decl. ¶ 17.

In August 2016, Plaintiff submitted an apartment application for her and her son, Natan Skorupski ("Natan"), through the City's affordable housing lottery system.  Pl. Dep. at 26-27:20-21; 68-69:25-4; Morgan Dep. at 124:5-15; Snyder Decl. Ex. "J" at T00005-00006; Wong Decl. ¶ 6.  Natan has a mobility and visual impairment.  Pl. Dep. at 55:15-23; 56:3-11; 59:16-21. Plaintiff's log number was 5589 on the master log.  Pl. Dep. at 189:8; Morgan Dep. at 125:7-10; Silvera Dep. at 63:3-5.  Because Plaintiff's application was accorded a disability set aside, it was processed before the applications of individuals with lower (better) log numbers would have been processed.  Earle Decl. ¶ 20.  Had Plaintiff's application not been accorded a disability set aside, it never would have been reached on the basis of its log number, and Plaintiff would not have been offered any apartment in the Building.  Earle Decl. ¶ 20.

3

In support of her apartment application, Plaintiff submitted a form titled Certification of Eligibility for Disability Set Aside Unit (the "Certification"). Pl. Dep. at 64-65:16-21; Earle Decl. Ex. "A" at T00072. The Certification, signed by Plaintiff, indicates that Natan has a mobility, vision, and hearing disability. Pl. Dep at 64:16-25; Earle Decl. Ex. "A" at T00072. Plaintiff's pediatrician, Dr. Joanna Lis, signed a Disabled Verification ("Verification") that indicates Natan has a mobility, visual, and hearing impairment. Pl. Dep. at 53-54:24-17; Earle Decl. Ex. "B" at T00070.

Plaintiff received government assistance towards the payment of her rent in the form of a voucher under a New York City program called the CITYFEPS Assistance Program. Pl. Dep. at 145-146:24-3; 150:2-10; Earle Decl. Ex. "C" at T00018 & Ex. "D" at T00019; Wong Decl. ¶¶ 8-11. In connection with her apartment application, Plaintiff submitted to PHSI a CITYFEPS Shopping Letter, dated February 22, 2017, which stated she qualified for a maximum rent of $1213 per month. Pl. Dep. at 40:2-16; 151:17-25; Earle Decl. Ex. "C" at T00018; Wong Decl. ¶ 9. Plaintiff also submitted a CITYFEPS Approval Notice for her prior apartment, dated April 27, 2017, which specified an "approved apartment rent" of $1031. Pl. Dep. at 44-45:11-7; Earle Decl. Ex. "D" at T00019; Wong Decl. ¶ 10. Based on the more recently dated April 27, 2017 approval notice, PHSI determined that the amount of Plaintiff's CITYFEPS rental voucher was sufficient to cover the $963 monthly rent for a one-bedroom affordable unit, but insufficient to cover the $1,166 monthly rent for a two-bedroom affordable unit. Wong Decl. ¶ 11; Earle Decl. ¶ 23.

On or about September 18, 2017, Ms. Silvera called Plaintiff and offered her Apartment 4B-N, a one-bedroom unit. Pl. Dep. at 90-91:23-4; 116:10-20; 183-184:23-20; Silvera Dep. at 113:8-18. Apartment 4B-N was a hearing/vision disability set-aside unit. Pl. Dep. at 60-61:22-13; 184:18-20; 206:21-25. On October 27, 2017, Plaintiff signed the lease for Apartment 4B-N.

Pl. Dep. at 214-215:6-3; Skorupska Depo Exhibit 11.  On November 4, 2017, Plaintiff and Natan moved into Apartment 4B-N, and they lived there until on or about January 1, 2021.  Pl. Dep. at 135:22-24; 184:7-20; 215:4-7; 232:10-13.  At no time while Plaintiff and Natan lived in the Building did Plaintiff request that PHSI personnel make any modifications to Apartment 4B-N. Pl. Dep. at 64:4-9.

The five other applicants who received set-aside units at the Building had log numbers of 2239, 2911, 4382, 4723, and 5804.  Snyder Decl. Ex. "J."  In accordance with HPD's Marketing Handbook, all five applicants submitted verifications from medical professionals that at least one household member had a disability.  Snyder Decl. Ex. "M."  Like Plaintiff, four of the five other successful applicants were voucher recipients.  Snyder Decl. Ex. "J."  Of the five other successful applicants, all except for one (log number 5804) had lower, or better, log numbers than Plaintiff. Pl. Dep. at 189:9-20.  Further, the applicant with log number 5804 was had household members with a mobility disability and was a  NYCHA voucher recipient. Pl. Dep. at 190:2-3; Snyder Decl. Ex. "J."

Following the lease-up of the Building's affordable units, PHSI maintained a waiting list of applicants who entered the housing lottery but who did not receive an apartment in the Building. Earle Decl. ¶ 32.  PHSI's waiting list did not include tenants of the Building, i.e., applicants who already received and accepted apartments.  Earle Decl. ¶ 32.

## ARGUMENT

### A.    Summary Judgment Should Be Granted Since There Are No Material Facts In Dispute.

Summary judgment should be granted where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "While it is true that a

court is 'required to resolve all ambiguities and draw all factual inferences in favor of the non-movant . . . a plaintiff may not survive summary judgment merely by conjuring a hypothetical issue of material fact." *Robinson v. Concentra Health Servs*., 781 F.3d 42, 44 (2d Cir. 2015) (2015) (citing *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*., 182 F.3d 157, 160 (2d Cir. 1999). "The substantive law governing the case will identify those issues that are material, and 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment.'" *Passanante v. R.Y. Mgmt. Co.*, 2001 U.S. Dist. LEXIS 1205, at *13 (S.D.N.Y. Feb. 9, 2001) (granting summary judgment to defendants on the plaintiff's FHA disability discrimination claim).

The moving party bears the burden of demonstrating the absence of a material factual question, and in making the determination, the Court must view all facts in the light most favorable to the nonmoving party. *See Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir. 1994). Once the moving party has asserted facts showing the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial" and cannot rest on the "mere allegations or denials" of her pleadings. *Id*.; Fed. R. Civ. P. 56(e); *Goenaga v. March of Dimes Birth Defects Found*., 51 F.3d 14, 18 (2d Cir. 1995). "More specifically, [plaintiff] must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co*., 654 F.3d 347, 358 (2d Cir. 2011).

**B.**     **Plaintiff's FHA, NYSHRL, and NYCHRL Disability and Source of Income Discrimination Claims Must be Dismissed.[2]**

The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). "FHA disparate treatment claims are analyzed using the *McDonnell Douglas* burden-shifting framework." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 400 (S.D.N.Y. 2013) (quoting *Boykin v. KeyCorp.*, 521 F.3d 202, 213 (2d Cir. 2008).

To establish a *prima facie* housing discrimination claim under the FHA, Plaintiff must show: (1) membership in a protected class; (2) she sought and was qualified to rent the housing; (3) she was rejected; and (4) the housing opportunity remained available to other renters. *See LeFrak*, 987 F. Supp. 2d at 400; *Passanante*, 2001 U.S. Dist. LEXIS 1205, at *14-15. Additionally, "to establish a *prima facie* case of discrimination under the FHA, the plaintiff must present evidence that animus against the protected group was a significant factor" in the action taken by the defendant. *Id.*; *Reg'l Econ. Cmty. Action Program, Inc.*, 294 F.3d at 49. If Plaintiff establishes a *prima facie* case of discrimination, "the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision." *LeFrak*, 987 F. Supp. 2d at 400; *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003) (summarizing *McDonnell Douglas* burden-shifting analysis). If PHSI articulates a non-discriminatory reason for the challenged action, the

---

[2] Plaintiff asserts that PHSI discriminated against her based on a disability in violation of the FHA, ADA, and Rehabilitation Act. (Snyder Decl. Ex. "E"). The "ADA and Section 504 of the Rehabilitation Act provide that no person shall be excluded from participation in or be denied the benefits of a public entity by reason of a disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Similarly, the FHA makes it unlawful to discriminate in the sale or rental of any dwelling to any buyer or renter because of a handicap. 42 U.S.C. § 3604(f). Because of the similarities in the three statutes, intentional discrimination claims under the ADA, Rehabilitation Act, and FHA are considered in tandem." *Forziano v. Indep. Grp. Home Living Program*, 613 F. App'x 15, 17018 (2d Cir. 2015); *Zlotnick v. Crystal Run Vill., Inc.*, 2021 U.S. Dist. LEXIS 207432, at *10 (S.D.N.Y. Oct. 27, 2021) ("Claims made under the Fair Housing Act may be considered in tandem with claims under the Rehabilitation Act."); *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (same).

burden shifts back to Plaintiff to demonstrate that discrimination was the real reason for PHSI's action. *Id.*

Disparate treatment claims under the NYSHRL and NYCHRL are analyzed under the same standard and framework as the FHA. *See Fortune Soc'y v. Sandcastle Towers Hous. Dev. Fund Corp.*, 388 F. Supp. 3d 145, 178 (E.D.N.Y. 2019) (granting defendants' motion for summary judgment on the plaintiffs' FHA, NYSHRL and NYCHRL housing discrimination claims since plaintiff failed to establish defendants' discriminatory intent); *Favourite v. 55 Halley St., Inc.*, 381 F. Supp. 3d 266 (S.D.N.Y. 2019) ("Because Plaintiff's claims of alleged discriminatory treatment under the FHA fail for lack of discriminatory animus, a requisite element under the *McDonnell Douglas* test, Plaintiff's state [and city] law discriminatory treatment claims also fail."); *Williams v. NYCHA*, 879 F. Supp. 2d 328 (E.D.N.Y. 2012) (dismissing state and city disparate impact claims because they were "analogs" of the FHA disparate impact claim, which had been dismissed); *Haber v. ASN 50th St. LLC,*, 847 F. Supp. 2d 578, 588 & n.5 (S.D.N.Y. 2012).[3]  Plaintiff's source of income discrimination claim is asserted under the NYCHRL, as it is not a protected category under the FHA and was not a protected category under the NYSHRL until April 2019.  Given that the statutory framework is the same under all three laws, PHSI analyzes Plaintiff's source of income claim under the same framework as her disability claim.

### 1.    Plaintiff Has Not Established a *Prima Facie* Case of Disability Discrimination.

Plaintiff is unable to establish a *prima facie* claim of disparate treatment disability discrimination against PHSI.  As part of her *prima facie* case, Plaintiff must establish "disparate treatment by showing that animus against the  protected group was a significant factor in the

---

[3]  Plaintiff's NYSHRL and NYCHRL claims should be dismissed for the same reasons Plaintiff's FHA claim should be dismissed.  Alternatively, as discussed below, the Court should decline to assert supplemental jurisdiction over Plaintiff's state and city law claims after dismissal of Plaintiff's federal claims.

position taken by the . . . decision-makers themselves or by those to whom the decision-makers were knowingly responsive." *Fortune Soc'y*, 388 F. Supp. 3d at 177; *Mhany Mgmt.*, 819 F.3d 581, 606 (2d Cir. 2016). "Unless a clear pattern, unexplainable on grounds other than [the protected category] emerges, impact alone is not determinative and the Court must look to other evidence." *Id.* (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977)). "This other evidence includes whether the historical background of the policy reveals a series of actions taken for invidious purposes, departures from normal procedure and contemporary statements or information." *Id.*; *Arlington Heights*, 429 U.S. at 265 ("disproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination. Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

Plaintiff has offered no evidence that suggests PHSI had a discriminatory intent. While Plaintiff complains about PHSI's alleged mishandling of her apartment application, noticeably lacking is any allegation, let alone a suggestion, that PHSI has a discriminatory animus against Plaintiff because of her son's disability. Plaintiff's generalized complaints about the lottery process and her entitlement to a two-bedroom instead of a one-bedroom apartment lack the essential component to a discrimination claim – *discriminatory animus*. When asked at her deposition about PHSI's discriminatory animus, Plaintiff had no response:

> Q: Why do you believe Phipps discriminated against you and Natan in offering you Apartment 4BN only to offer a two-bedroom apartment to another applicant[] who had a subsidy, as well as had a mobility-impaired tenant?
> A: *I don't know*.

(Pl. Dep. 194:3-11) (emphasis added). Plaintiff, unable to present any evidence of discriminatory intent, has chosen to avoid the issue:

> Q: What's your basis for claiming that Phipps engaged in discrimination as opposed to having made a mistake in administering the housing lottery?

9

> MR. ARDELJAN: Objection to form. Calls for speculation, calls for legal conclusion.
> A: *I cannot answer that question*.

(Pl. Dep. 190:10-18) (emphasis added).  When pressed further, it became clear Plaintiff simply is

unable to assert any allegations of discrimination against PHSI:

> Q:  So what is your basis for claiming that you were discriminated against based on Natan's disability when the applicant with log no. 2911 has a tenant with a mobility impairment and was offered a two-bedroom unit?
> MR. ARDELJAN: Objection to form.
> A:  The different between – the fact that someone has a disability does not exclude anything.  My son's disability was substantially different.  I only have records of – we can go over the sheet.
> 2239, only mobility. 2911, only mobility.  4382, only hearing.  4723, only mobility. 5589, mobility, vision.  5804, only mobility.
> *So all the people in this fact sheet have verified disability*. So what is your question? I'm not sure what I'm supposed to say to this. I just don't.  I don't know what to say to your question.

(Pl. Dep. 198:18 – 199:15) (emphasis added).

Nowhere does Plaintiff contend, or point to facts suggesting, that PHSI's decision to offer

Plaintiff a one-bedroom instead of a two-bedroom apartment was based upon discriminatory

animus relating to her son's disability.  Plaintiff, following full discovery, is still unable to produce

evidence supporting her conclusory statement that PHSI discriminated against her based upon her

son's disability.  In fact, as set forth in PHSI's moving papers, the undisputed facts establish the

opposite is true.

First, Plaintiff was awarded one of six disability set-aside units for households with a

disabled individual.  (Earle Decl. ¶ 20; Snyder Decl. Ex. "F" at T00428 & Ex. "J").  Though

Plaintiff takes issue with the unit she was offered (and rented), it is undisputed that Plaintiff

received one of the six disability set-aside units.  (Pl. Dep. at 60-61:22-13;90-91:23-4; 116:10-20;

183-184:23-20; 206:21-25; Silvera Dep. at 113:8-18).  Plaintiff's application, including her son's

doctor's verification, indicated her son had a "mobility, visual and hearing impairment."  (Pl. Dep.

10

at 53-54:24-17; Earle Decl. Ex. "B" at T00070).  The unit offered to Plaintiff was a disability set-aside unit for individuals with a hearing or vision disability.  (Pl. Dep. at 60-61:22-13; 184:18-20; 206:21-25).  Though Plaintiff may not have been offered her preferred set-aside unit, Plaintiff did receive a disability set-aside unit nonetheless.  The fact that Plaintiff sought a larger two-bedroom unit and was offered a one-bedroom disability set-aside unit does not establish discriminatory animus.  To the contrary, it shows that in response to Plaintiff's application showing her son has a disability, PHSI gave Plaintiff preferred consideration for a  disability set-aside unit.  (Earle Decl. ¶ 20).  In fact, if PHSI had not given Plaintiff the benefit of a disability set-aside preference she would not have been offered any unit in the Building because her log number was too high.  (Earle Decl. ¶ 20).

Second, and even more compelling, it is undisputed that the two-bedroom unit sought by Plaintiff was offered to a household that (1) had a mobility disabled individual, and (2) had a NYCHA voucher covering rent.[4]  (Pl. Dep. 189:9-20; 190:2-9; Snyder Decl. Ex. "M" at pages 9-10).  The applicant with a log number of 5804 was the only successful disability set-aside applicant with a worse log number than Plaintiff's.  (Pl. Dep. 189:9-20).  The applicant with log number 5804 allegedly was offered the two-bedroom set-aside unit sought by Plaintiff.  Critically, that applicant had a household member with a mobility impairment, just like Plaintiff, and was a NYCHA voucher recipient.  (Pl. Dep. 189:9-20; 190:2-9; Snyder Decl. Ex. "M" at pages 9-10).  Thus, Plaintiff cannot show that the decision to offer her a one-bedroom instead of a two-bedroom disability set-aside unit was motivated by a discriminatory animus against individuals with disabilities, where the apartment Plaintiff sought was offered to a household with a member who, in fact, has a mobility impairment.  Plaintiff's only comparator, the applicant with log number

---

[4]  In fact, as it relates to Plaintiff's disability claim, all five other applicants who received set-aside units, submitted verifications from medical professionals that a member of their household had a disability.  (56.1, ¶ 49).

5804, is in the same protected categories as Plaintiff. Under such circumstances, and considering the undisputed evidence, a discrimination claim against PHSI is illogical and without basis in fact or law. *See e.g., Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994) (denying FHA claim, stating "the defendants submitted evidence of a past record of renting to minority tenants"); *Sassower v. Field*, 973 F.2d 75, 77 (2d Cir. 1992) (evidence of past minority tenants tended to refute a claim of discrimination); *Leaphart v. Pres. Hous. Mgmt.*, 2014 U.S. Dist. LEXIS 8632, at *5 (E.D. Mich. June 25, 2014) (in an FHA case, "it is impossible to determine from the Complaint or Plaintiff's Motion for Summary judgment what led Plaintiff to believe he was being discriminated against" where, among other demographic information, "the individual who was next on the waiting list and who the apartment originally offered to Plaintiff was eventually rented to was African American."); *Mohamed v. McLaurin*, 390 F. Supp. 3d 520, 554-55 (D. Vt. 2019) ("where there is an absence of discriminatory intent, courts routinely reject hostile housing environment claims under the FHA," thus, "because Plaintiff fails to establish Defendant's alleged harassment and nonrenewal of the Lease was motivated by a discriminatory animus toward Plaintiff's national origin or gender, she has not established an essential element of her FHA claims"); *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982) ("A plaintiff must establish a causal connection between the protected activity and the adverse [housing] action.").

Third, Plaintiffs allegations of disability discrimination are conclusory at best. Other than Plaintiff's personal belief that she was discriminated against, she cannot produce any evidence suggesting PHSI acted based on a discriminatory bias. Plaintiff's belief that she was discriminated against, without more, is insufficient to show PHSI had a discriminatory animus. *See e.g., Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119, 126 (E.D.N.Y. 1999) ("Discrimination in the context of a Fair Housing Act violation does not arise whenever someone believes they have been

12

wronged in a housing matter."). At this point, even after the benefit of full discovery, Plaintiff is unable to establish a factual basis for claiming PHSI discriminated against her. (Pl. Dep. 194:3-11). As such, Plaintiff is unable to establish a *prima facie* claim of disability discrimination.

### 2.    Plaintiff Has Not Established a *Prima Facie* Case of Source of Income Discrimination.

Plaintiff's source of income discrimination claim under the NYCHRL fares no better.[5] Plaintiff cannot establish her *prima facie* case since she can adduce no evidence that PHSI acted with an animus against Plaintiff's protected group. *See e.g.*, *Fortune Soc'y*, 388 F. Supp. 3d at 177; *Mhany Mgmt.*, 819 F.3d at 606. The NYCHRL was amended in 2008 to "ban discrimination by landlords against tenants based on their lawful source of income." *Alston v. Starrett City, Inc.*, 161 A.D.3d 37, 39 (1st Dep't 2018); Administrative Code § 8-107(5)(a)(1), (2); *Tapia v. Successful Mgt. Corp.*, 79 A.D.3d 422, 423 (1st Dep't 2010).

In asserting a source of income discrimination claim, Plaintiff alleges that her voucher was not considered by PHSI in connection with the rent-up of the Building:

> Q: So as you can see, the applicant with log no. 5804 has a NYCHA subsidy; right?
> A: The document states that applicant 5804 has a NYCHA subsidy, yes.
> Q: And if in fact that applicant has a NYCHA subsidy, would that change your view as to whether you were discriminated against based on source of income?
> A: That would . . . 5804 may not have been discriminated based on source of income. My income was not accounted for.
> Q: Could you explain that to me? What do you mean your income was not accounted for?
> A: My income was not accounted for in the processing of the application. My voucher was not accounted for.

---

[5]    On April 12, 2019, New York State amended the NYSHRL to prohibit discrimination in housing based on lawful source of income. Plaintiff's claims against PHSI arose in or about 2017, thus, they should be dismissed with prejudice as they are not subject to the Lawful Source of Income Non-Discrimination Act of 2019. However, even if the NYSHRL did apply retroactively to Plaintiff's source of income claim (it does not), the analysis would be identical to, and fail, as they do under the NYCHRL.

(Pl. Dep. 199:16 – 200:22).  As with Plaintiff's disability claim, there is no evidence to support her conclusory claim of discrimination.  To the contrary, the circumstances surrounding Plaintiff's application evidence PHSI's lack of any improper motive and reliance on Plaintiff's voucher.

First, it is undisputed that PHSI *did* consider the fact Plaintiff had a voucher.  Plaintiff applied for one of the six disability set-aside units that were part of the 79 total units available through the City's affordable housing lottery system.  (Snyder Decl. Ex. "F" at T00428 & Ex. "J").  In connection with Plaintiff's application, she submitted, *inter alia*, two documents with regard to her CITYFEPS housing voucher.  (Wong Decl. ¶¶ 8-11; Earle Decl. Ex. "C" at T00018 & Ex. "D" at T00019).  The two documents submitted by Plaintiff contained different maximum rent figures for which Plaintiff qualified – one was high enough to qualify Plaintiff for a two-bedroom while the other only qualified Plaintiff for a one-bedroom.  (Wong Decl. ¶¶ 8-11; Earle Decl. ¶ 23; Earle Decl. Ex. "C" at T00018 & "D" at T00019).  PHSI relied upon the more recently issued CITYFEPS document, which showed Plaintiff's voucher amount qualified her for a one-bedroom but not a two-bedroom.  (*Id*.; Pl. Dep. 40:2-16; 145-146; 150:2-10; 151:17-25).  Thus, based on the voucher information submitted by Plaintiff, PHSI offered Plaintiff a one-bedroom disability set-aside.  (Wong Decl. ¶ 11; Earle Decl. ¶ 23).  Despite Plaintiff's claim that PHSI relied upon the wrong CITYFEPS document in determining her rent approval amount, Plaintiff's claim that PHSI refused to consider her voucher is demonstrably false.  Plaintiff qualified for the one-bedroom unit *because* she had a voucher, even if Plaintiff claims PHSI erred in determining her voucher did not qualify her for a two-bedroom unit.  Plaintiff, in alleging that PHSI relied upon the wrong approval document, cannot show any discriminatory animus, which is fatal to her claim.  *See e.g., Hill v. Philip Morris USA*, 2004 U.S. Dist. LEXIS 8402 (S.D.N.Y. May 6, 2004) (applying *McDonnell-*

*Douglas* analysis in the employment context, "carelessness knowns no color and does not, without more, evince racial animus").

Second, the only comparator Plaintiff points to is the applicant with log number 5804, who was offered the two-bedroom apartment Plaintiff sought. However, the applicant with log number 5804 was a NYCHA voucher recipient. (Snyder Decl. Ex. "J"; Pl. Dep. 190:2-3). In fact, four of the five other successful applicants for disability set-aside units were voucher recipients. (Snyder Decl. Ex. "J"). Once again, Plaintiff cannot explain how PHSI's conduct toward her is based upon a discriminatory animus based on source of income when it offered five of the six set-aside units to individuals with vouchers and PHSI offered the two-bedroom unit that Plaintiff sought to another applicant with a voucher. To the extent Plaintiff claims PHSI relied upon the wrong vouch approval letter, there is no basis for finding discriminatory intent. Plaintiff's claim is based on no more than her unsubstantiated belief that she was discriminated against, while ignoring the undisputed facts and evidence that fail to support her subjective belief.

### 3.    PHSI Has Established an Undisputed Legitimate, Nondiscriminatory Rationale For Its Actions.

If the Court determines that Plaintiff has established a *prima facie* case of disability or source of income discrimination (she has not), it next looks to whether PHSI has set forth a legitimate, nondiscriminatory reason for the challenged action. *See e.g., LeFrak*, 987 F. Supp. 3d at 400. PHSI has so established such a nondiscriminatory rationale for its actions. As discussed above, PHSI relied upon Plaintiff's most recent voucher approval letter which contained a maximum rent that was insufficient to cover the rent for an affordable two-bedroom unit. (Wong Decl. ¶ 11; Earle Decl. ¶ 23).

PHSI offered Plaintiff a one-bedroom set-aside unit instead of a two-bedroom based upon inconsistent documents in her application concerning the maximum rent Plaintiff qualified for

based on her voucher.  (Wong Decl. ¶ 11; Earle Decl. ¶ 23; Earle Decl. Ex. "C" & "D"; Pl. Dep. at 40:2-16; 44-45:11-7; 151:17-25).  Plaintiff had a voucher through a New York City program called the CITYFEPS Assistance Program which provided assistance toward her rent.  (Wong Decl. ¶ 8; Pl. Dep. at 145-146:24-3; 150:2-10; Earle Decl. Ex. "C" at T00018 & Ex. "D" at T00019).  Plaintiff submitted to PHSI two letters regarding the CITYFEPS program as part of her application.  A letter dated February 22, 2017, stated Plaintiff qualified under the program for a maximum rent of $1,213 per month.  (*Id.*).  A letter dated April 27, 2017, specified an "approved apartment rent" of $1,031.  (*Id.*).  When processing Plaintiff's apartment application, PHSI, relied upon the April 27th letter, since it was the most recently issue letter regarding Plaintiff's CITYFEPS voucher.  (Wong Decl. ¶ 11; Earle Decl. ¶ 23).  Based on the approval amount in the April 27th letter ($1,031), PHSI determined that Plaintiff's voucher was insufficient to cover the $1,166 monthly rent for a two-bedroom affordable unit.  (*Id.*).  Thus, the sole basis for PHSI offering Plaintiff a one-bedroom instead of two-bedroom apartment was reliance on the April 27th letter.  (*Id.*).

Courts have found that defendants satisfied their burden to show a legitimate, nondiscriminatory reason in analogous situations where the defendant's actions were the result of a possible mistake or error (as Plaintiff alleges in her Amended Complaint ¶ 17).  *See Portis v. River House Assocs., L.P.*, 2008 U.S. Dist. LEXIS 76817, at *19 (M.D. Pa. Sept. 30, 2008 (defendant's mistake in connection with checking the plaintiff's credit was "more than sufficient in carrying Defendants' burden of providing us with a legitimate nondiscriminatory reason for their conduct."); *Knighton v. Delphi Auto Sys.*, 2004 U.S. Dist. LEXIS 27893, at *9 (W.D.N.Y. Oct. 28, 2004) (applying *McDonnell Douglas* analysis in the employment context, "even if the defendant was mistaken with respect to its belief that plaintiff sold drugs at work, absent evidence

that the defendant acted against the plaintiff based on a discriminatory animus, the mistaken belief would not give rise to an inference of discrimination."); *Hill v. Philip Morris USA*, 2004 U.S. Dist. LEXIS 8402 (S.D.N.Y. May 6, 2004) (applying *McDonnell Douglas* analysis in the employment context, "carelessness knowns no color and does not, without more, evince racial animus"); *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("applying *McDonnell Douglas* analysis in employment context, "the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, and not whether the employer is shrewd, prudent, or competent."); *Chiang v. Schafer*, 2008 U.S. Dist. LEXIS 64654, at *181 (D.V.I. Aug. 20, 2008) (analyzing a discrimination claim under the Equal Credit Opportunity Act, "even if [defendant erred in calculating loan applications] and Defendant erred in its eligibility calculation and incorrectly told individuals that their plans were not approved . . . there is absolutely nothing from which the court can tease out an inference of national origin discrimination.").

The instant action is analogous to *Portis*, where a district court, applying the *McDonnell Douglas* burden-shifting analysis, granted summary judgment dismissing an FHA claim since, "[p]laintiffs have not succeeded in adducing evidence that would cast doubt upon the Defendants' legitimate, nondiscriminatory motive." *Portis*, 2008 U.S. Dist. LEXIS 76817. In *Portis*, the defendant botched an apartment applicant's credit check due to defendant's employee's error. *Id*. Such evidence was "more than sufficient in carrying Defendants' burden of providing … a legitimate nondiscriminatory reason for their conduct." *Id*. at *15-16.[6]

---

[6] *See also Reynolds v. Quarter Circle Ranch, Inc*., 280 F. Supp. 2d 1235, 1245 (D. Colo. 2003) ("The defendant's burden is merely to articulate through some proof a facially nondiscriminatory reason for the decision.").

There is no doubt that the record indisputably establishes PHSI's legitimate, nondiscriminatory rationale for its actions, warranting the dismissal with prejudice of Plaintiff's claims against PHSI.

### 4.    Plaintiff Cannot Establish Pretext.

Where a plaintiff does not "submit[] any evidence demonstrating that the non-discriminatory reasons articulated by [the defendant] for [the challenged decisions] were mere pretexts, summary judgment is warranted." *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, 478 F. Supp. 3d 259, 312 (D. Conn. 2020) (granting summary judgment dismissing FHA disability disparate treatment claim) (quoting *Lee v. ITT Standard*, 268 F. Supp. 2d 315, 346 (W.D.N.Y. 2002)) (granting motion for summary judgment).   "A plaintiff must prove that a defendant's proffered reasons were not the true reasons for its actions but a pretext for discrimination." *McLaurin*, 390 F. Supp. 3d at 555; *Mhany Mgmt.*, 19 F.3d at 613 ("if a defendant meets its burden of production, the sole remaining issue is discrimination *vel non*. The plaintiffs . . . must prove that the defendants intentionally discriminated against them on a prohibited ground.").

Plaintiff cannot produce evidence that PHSI's true reason for offering Plaintiff a one-bedroom affordable disability set-aside until instead of a two-bedroom unit was because of disability or source of income discrimination.   It is not enough for Plaintiff to raise questions regarding PHSI's legitimate, nondiscrimination reason.  Plaintiff must prove she was discriminated against by PHSI.  *Id*.

For instance, Plaintiff has asserted that a credit check that was run for her application at an amount higher than a one-bedroom unit.  (Snyder Decl. Ex. "N").  However, as explained by Ms. Earle, the fact that PHSI inputted $1,166 (the rent for a two-bedroom disability set-aside unit) to

18

generate a credit report, it did not mean Plaintiff was processed for a two-bedroom unit. (Earle Decl. ¶ 31). As Ms. Earle explains, PHSI was required to input a monthly rent amount on the credit check platform, but it did not consider the "annual income to rent ratio" when assessing applicant eligibility. (Earle Decl. ¶¶ 29-31).

Plaintiff has also asserted that in offering disability set-aside units PHSI did not consider the severity of her son's disability as compared to the disabilities of the other applicants who received the disability set-aside units. (Snyder Decl. Ex. "N"). Plaintiff seemingly claims that her son's disability was more severe than the other applicants, and therefore, Plaintiff should have received her preferred unit. However, in determining which applicants to whom to offer disability set-aside units, PHSI did not evaluate or inquire about the medical severity of disabilities. (Earle Decl. ¶ 17). In accordance with HPD's Marketing Handbook, the applicants for disability set-aside units were required to submit verifications from medical professionals that a household member had a mobility, vision, or hearing disability. (Earle Decl. ¶ 17). Once a disability was substantiated through submission of a verification, PHSI made no further inquiry into the level of disability and makes no housing determinations based on severity of disability. (Earle Decl. ¶¶ 16-17). Thus, even if Plaintiff's son were more severely disabled than others, which she cannot establish, this would have no bearing on Plaintiff's application.

Since Plaintiff cannot prove discrimination was the real reason for PHSI's actions, summary judgment should be granted in favor of PHSI, dismissing Plaintiff's claims against it with prejudice.

### 5.    Plaintiff Has Not Established a Failure to Accommodate Claim.

Plaintiff's reasonable accommodation claim requires her to establish (1) that she or someone associated with her is handicapped within the meaning of Section 3602(h) and defendant

knew or should have known of this fact; (2) that an accommodation is necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (3) that such accommodation is reasonable; and (4) that the defendant refused to make the requested accommodation.  42 U.S.C. § 3604(f)(3)(B); *Echeverria*, 2009 U.S. Dist. LEXIS 27353, at *19. "To prevail on a reasonable accommodation claim, plaintiffs must first provide the [defendant] an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question. *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003).

To the extent that Plaintiff requested a transfer from her one-bedroom apartment to a two-bedroom, PHSI was not responsible for tenant transfers.  (Earle Decl. ¶ 32).  PHSI only maintained a waiting list of applicants who had entered the housing lottery but did not receive an apartment in the Building.  (Earle Decl. ¶ 32).  PHSI's waiting list did not include tenants of the Building, like Plaintiff, who had already received an apartment.  (Earle Decl. ¶ 32).  Thus, PHSI had no ability to offer or deny the accommodation allegedly requested by Plaintiff.  Any transfer had to be addressed to Taconic Management LLC ("Taconic Management").  (Andrew Schwartz Declaration in Support of the Taconic Defendants' Motion for Summary Judgment, at ¶ 12).[7]

Accordingly, Plaintiff cannot establish that PHSI failed to reasonably accommodate Plaintiff.

6.    **The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's NYSHRL and NYCHRL Claims.**

Since Plaintiff's FHA, ADA and Rehabilitation Act claims are subject to dismissal, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state and city law claims

---

[7]    Andrew Schwartz's Declaration has been submitted in connection with the Taconic Defendants' motion for summary judgment.  PHSI incorporates by reference and relies upon the Taconic Defendants' concurrent motion for summary judgment.  It is PHSI's understanding that the Taconic Defendants accommodated Plaintiff by placing her on a Building tenant waiting list for a two-bedroom unit.  *See generally,* Declaration of Andrew Schwartz.

to the extent not similarly dismissed as argued above.[8]  Absent "'exceptional circumstances,' where federal claims are disposed of through Rule 12 or on summary judgment grounds federal courts should 'abstain from exercising pendent jurisdiction.'"  *Birch v. Pioneer Credit Recovery, Inc.*, No. 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)); Jordan v. Chase Manhattan Bank, 91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015) ("Both the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the state claims should be dismissed as well").  Factors to consider in assessing whether "exceptional circumstances" may warrant the exercise of such jurisdiction include "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern."  *Birch*, No. 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *16 (citing *McLearn v. Cowen & Co.*, 660 F. 2d 845 (2d Cir. 1981)); *see Guzman v. City of New York*, 93 F. Supp. 3d 248, 264-65 (S.D.N.Y. 2014) (declining to exercise supplemental jurisdiction over NYCHRL claim after Title VII claim dismissed).

Once Plaintiff's federal claims are dismissed with prejudice, the Court should dismiss the balance of Plaintiff's Complaint against PHSI without prejudice.  *See e.g., Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012) ("[T]he Court declines to retain jurisdiction over the remaining state law claims given the absence of any federal claim that survives the summary judgment motion").

---

[8]   Though Plaintiff's Rehabilitation Act claim is analyzed in tandem with her FHA claim, a separate reason exists to dismiss Plaintiff's Rehabilitation Act claim.  The Rehabilitation Act "prohibits discrimination against a handicapped individual only where the individual's handicap is unrelated to, and thus improper to consideration of, the services in question."  *Zlotnick*, 2021 U.S. Dist. LEXIS 207432, at *9 (quoting *Cushing v. Moore*, 970 F.2d 1103, 1109 (2d Cir. 1992)) ("the Rehabilitation Act does not create a cause of action based on a handicap that is directly related to providing the very services at issue.").  Since Plaintiff's son's disability was necessarily part of the consideration to offer Plaintiff a disability set-aside unit, Plaintiff cannot state a claim under the Rehabilitation Act.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant PHSI respectfully request that its Motion for Summary Judgment be GRANTED in its entirety.

Dated: November 15, 2021
       New York, New York

                                   Respectfully submitted,

                                   JACKSON LEWIS P.C.

By:          */s/*                      
                                   John A. Snyder, Esq.
                                   Brian J. Shenker, Esq.

                                   *Attorneys for Defendant*
                                   *Phipps Houses Services, Inc.*

4879-5437-2099, v. 1