

THE CITY OF NEW YORK

**Hon. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**LOUISE A. MOED**
Phone: (212) 356-2180
Fax: (212) 356-2019
LMOED@LAW.NYC.GOV

March 15, 2022

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York           by ECF and
40 Foley Square                         email to Failla_nysdchambers@nysd.uscourts.gov
New York, NY  10007

        Re:  Skorupska v. 525 West 52 Property Owner, LLC
             20-cv-2831 (KPF)
             Response to plaintiff's objection to the City's request for
             some of plaintiff's exhibits to be sealed

Dear Judge Failla:

       I am the Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, who is representing defendant the City of New York (the "City") in the above-referenced case.

       I write in response to plaintiff's letter that was efiled as Document 141 on March 14, 2022. Plaintiff misapprehends the effect of sealing some of her exhibits. Contrary to her assumption that she would be "robbed" of her right to prove her case with the evidence that she deems to be the "foundation" of her defense to summary judgment, the sealed exhibits would remain available to all of the parties and the Court. Sealing would prevent only members of the public from seeing those documents.

       There is no legitimate reason for social security numbers and the personal medical and financial information of non-parties to be available to the public. FRCP Rule 5.2, "Privacy Protection for Filings Made With the Court," requires partial redaction of some of this type of information in court filings. However, that rule does not address some of the personal financial and medical information included in plaintiff's exhibits. The City still asks that this Court seal

- 2 -

certain exhibits to prevent the gratuitous revealing of such personal information about non-parties when that information serves no legitimate public purpose.[1]

Plaintiff objects in particular to the City's request to seal documents that contain personal information only about her and her son. While there is no legitimate reason for members of the public to know that information about her or her son, plaintiff has the right to waive the privacy to which she and her son are entitled although it is unclear what positive purpose that achieves. Plaintiff's list of documents that supposedly concern only her and her son includes Exhibit 32, the file that she says she obtained from the New York State Division of Human Rights. That 281-page document does contain personal information about non-parties, and should be sealed.

Thank you for your consideration.

Respectfully submitted,

*Louise Moed*
LOUISE MOED
LMOED@LAW.NYC.GOV

cc:   Bernadette Skorupska, plaintiff pro se, by email: bmskorupska@gmail.com
      John Snyder and Brian Shenker, attorneys for Phipps, by ECF
      James Robert Pigott, attorney for the Taconic defendants, by ECF

---

[1] As part of the renting-up process for the affordable units in the housing development located at 525 West 52nd Street, Manhattan, all of the defendants obtained or had access to personal information about the applicants. However, when disclosing documents to plaintiff during discovery, all of the defendants redacted that personal information.

The Court is in receipt of Defendants' March 11, 2022 letter (Dkt. #140); Plaintiff's March 14, 2022 responsive letter (Dkt. #141); and Defendants' above reply letter.

For the reasons stated in Defendants' letters, the Court will docket Plaintiff's exhibits containing third parties' sensitive information under seal, viewable only to the parties and Court.

To be clear, the purpose of sealing these exhibits is to prevent the public disclosure of third parties' private information.  The sealed exhibits will still be viewable and available to Plaintiff and the parties; may still properly be used to support or oppose Defendants' motions for summary judgment; and will be available to be used at any future trial.

With that understanding, Plaintiff is directed to file a letter on or before **March 18, 2022,** stating whether she would prefer to file the exhibits containing solely her own and her son's personal information on the public docket or under seal, viewable only to the parties and Court.

The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff's address of record.  The Court will also provide a copy of the endorsement to Plaintiff via email.

The Clerk of Court is further directed to terminate the motion at docket entry 140.

Dated:   March 15, 2022          SO ORDERED.
         New York, New York

                                 *Katherine Polk Failla*

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE