UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNADETTE SKORUPSKA,

                Plaintiff,

-v.-

525 WEST 52 PROPERTY OWNER LLC, CITY OF NEW YORK, PHIPPS HOUSES SERVICES, INC., and TACONIC MANAGEMENT COMPANY LLC,

                Defendants.

20 Civ. 2831 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

In an Opinion and Order dated September 1, 2022, this Court granted three separate motions for summary judgment brought by Defendants in this case. (Dkt. #169). *See Skorupska* v. *525 W. 52 Prop. Owner LLC*, — F. Supp. 3d —, No. 20 Civ. 2831 (KPF), 2022 WL 3997781 (S.D.N.Y. Sept. 1, 2022). In so granting, the Court dismissed Plaintiff's claims for discrimination and failure to accommodate under the Fair Housing Act (the "FHA"), 42 U.S.C. §§ 3601-3619; Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794(a); the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. ch. 126; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290-301; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-134. The Clerk of Court entered judgment in the matter on September 2, 2022. (Dkt. #170). That same day, Plaintiff moved for reconsideration of several of the Court's findings (Dkt. #171), and three weeks after that, Defendants opposed Plaintiff's motion (Dkt.

#173-175). For the reasons set forth in the remainder of this Opinion, the Court denies Plaintiff's motion for reconsideration.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 59(e), within 28 days of an entry of judgment, a party may file "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Similarly, Local Rule 6.3 permits parties to, within 14 days of a court's order, file "a notice of motion for reconsideration or reargument" of that motion. Local Civ. R. 6.3. "The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." *In re N.Y. Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). Further, because Plaintiff is proceeding *pro se*, the Court construes her submission liberally to raise the strongest arguments it permits. *See Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (observing that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of" her (citations omitted)).

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). The moving party must "point to controlling decisions or data that the court overlooked —

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). "This standard is exigent because 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Tears* v. *Bos. Sci. Corp.*, No. 17 Civ. 9793 (AJN), 2019 WL 2866847, at *1 (S.D.N.Y. July 3, 2019) (citing *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

### A. Plaintiff Has Not Demonstrated Standing to Bring Her ADA Accessibility Claim

Plaintiff begins by challenging the Court's dismissal, on standing grounds, of her claim under Title III of the ADA alleging accessibility issues at the apartment building at 525 West 52nd Street in Manhattan (the "Building"). (Dkt. #171 at 1). *See Skorupska*, 2022 WL 3997781, at *19-20 (citing and quoting, *inter alia*, *TransUnion LLC* v. *Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Calcano* v. *Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022); *Kreisler* v. *Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013) (per curiam)). On this point, Plaintiff notes that she has been consistent throughout this litigation about her desire to obtain — and indeed brought this litigation in order to obtain — a two-bedroom apartment in the Building, and that her efforts to return to the Building give her sufficient standing to bring an accessibility claim under the ADA. (Dkt. #171 at 1).

Plaintiff's arguments do not present facts or law that this Court overlooked. It is well established that "a plaintiff must demonstrate standing for each claim [s]he seeks to press." *DaimlerChrysler Corp.* v. *Cuno*, 547 U.S. 332, 335 (2006). Consequently, to seek a court order requiring Defendants to provide her a two-bedroom apartment in the Building, Plaintiff must establish standing to seek injunctive relief.[1] A plaintiff pursuing injunctive relief cannot

---

[1] The Court reiterates that the Amended Complaint requests only compensatory and punitive damages — not injunctive relief. (Dkt. #48 at 10). *See also Skorupska* v. *525 W. 52 Prop. Owner LLC*, — F. Supp. 3d —, No. 20 Civ. 2831 (KPF), 2022 WL 3997781, at *20 (S.D.N.Y. Sept. 1, 2022). This alone is grounds for denying the instant motion.

4

establishing standing based on past injury alone; she must also show that she is "likely to be harmed again in the future in a similar way." *Nicosia* v. *Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). In the ADA context, this requires the plaintiff to demonstrate that "'[i] [she] alleged past injury under the ADA; [ii] it was reasonable to infer that the discriminatory treatment would continue; and [iii] it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location.'" *Calcano*, 36 F.4th at 74 (quoting *Kreisler*, 731 F.3d at 187-88).

Even assuming that Plaintiff could satisfy the first two requirements, the Court finds that she has not satisfied the third because she has not alleged that she plans to return to the Building in the future. As the Court noted previously, Plaintiff does not currently live in the Building. *See Skorupska*, 2022 WL 3997781, at *20. She has not stated that she has visited the Building since moving out of her one-bedroom apartment there, nor has she offered any definite plans to visit it in the future. This is not surprising, given Plaintiff's insistence that she only intends to return to the Building if she is given a two-bedroom apartment there. Indeed, Plaintiff touts the fact that she refused to settle the case for anything less. (Dkt. #171 at 1).[2] That outcome is unlikely

---

But in consideration of Plaintiff's *pro se* status, the Court explains why Plaintiff's claim for injunctive relief under the ADA would fail even if she properly requested that relief.

[2] The Court was not privy to the details of the parties' settlement discussions, and does not therefore know whether Plaintiff conditioned settlement on receipt of a two-bedroom apartment in the Building, rather than in another building with similar set-aside units. It will assume the former for purposes of this Opinion.

5

for at least two reasons.  *First*, Plaintiff has not given the Court any reason to doubt Defendants' representation that, at least as of the time of the summary judgment briefing, there are no available set-aside two-bedroom apartments in the Building.  *See Skorupska*, 2022 WL 3997781, at *7 & n.10.  *And second*, as explained in the remainder of the Court's September 1 Opinion, Plaintiff has not established a triable fact as to any of her claims against Defendants, and thus there is no basis for her to receive a two-bedroom apartment as a result of this litigation.  Because Plaintiff has not plausibly stated that she intends to return to the Building, she has not alleged a "sufficiently imminent and substantial" risk of future harm to seek injunctive relief under the ADA.  *See Calcano*, 36 F. 4th at 75 (quoting *TransUnion*, 141 S. Ct. at 2210).  Plaintiff has therefore failed to demonstrate standing, and the Court's grant of summary judgment as to her ADA access claim stands.

### B.     Plaintiff Has Not Demonstrated That She and Anna Hernandez Are Similarly Situated

Plaintiff's second proffered basis for reconsideration is simply an effort at relitigation, and fails for this reason.  In her summary judgment opposition, Plaintiff cited the experiences of Anna Hernandez, another resident in the Building with a special needs child, as evidence of "a 'discriminatory pattern' against 'single mothers and children with special needs.'"  *Skorupska*, 2022 WL 3997781, at *13 (citing Pl. PHSI Opp. 4).  The Court noted, however, that the situations of Plaintiff and Ms. Hernandez differ in several key respects, including the facts that Ms. Hernandez did not apply for a disability set-aside apartment and was not a voucher recipient.  *Id.*  As such, Ms. Hernandez's

6

experiences did not raise a triable issue for Plaintiff concerning discriminatory animus.  *See Bentley-Ammonds* v. *Northwell Health, Inc.*, No. 21-835-cv, 2022 WL 893716, at *2 (2d Cir. Mar. 28, 2022) ("But in order to give rise to an inference of discrimination based on disparate treatment, 'the comparator must be similarly situated to the plaintiff in all material respects.'" (quoting *Ruiz* v. *County of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010) (internal quotation marks omitted))).

In her reconsideration motion, Plaintiff argues that Ms. Hernandez's experience was illuminative of Plaintiff's discrimination claims because both women had their numbers skipped and wound up with sub-optimal apartments.  (Dkt. #171 at 1).  In Plaintiff's estimation, "our children's developmental disability," and not the different bases on which each woman sought a set-aside apartment, "is what sets us apart."  (*Id.*).  Not so.  Plaintiff's claims of discrimination based on her son's disability and her receipt of vouchers are not aided by information about other Building residents who neither sought a set-aside apartment based on a qualifying disability nor were voucher recipients.  While it is frustrating to the Court to hear that other Building residents may have been the victims of comparable administrative snafus, those experiences cannot generate a triable issue of fact on Ms. Skorupska's discrimination claim.

C. **Plaintiff's Challenge to the Silvera Deposition Is Not a Basis for Reconsideration**

Finally, Plaintiff asserts that the deposition of Nickeisha Silvera was "staged," because the deponent was not the "Nicky" with whom Plaintiff spoke.

(Dkt. #171 at 1). Counsel for PHSI counters that Ms. Silvera was in fact deposed in the case, and, further, that Plaintiff should have called any discrepancies about the PHSI representatives with whom she spoke to Defendants' attention during discovery, and not now. (Dkt. #174 at 2). The Court agrees. *See Snead* v. *LoBianco*, No. 16 Civ. 9528 (AJN), 2021 WL 861060, at *2 (S.D.N.Y. Mar. 8, 2021) ("[A] party "may not raise a new claim, for the first time, in a motion for reconsideration[.]" (internal quotation omitted)). In any event, Plaintiff does not ask the Court to do anything in light of the information she provided, but rather indicates that this is information that she believes the Court should know.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. The Court will email a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated:   November 17, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge